CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN - 4 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

HERNAN NAVARRO,　　　　　)　　　Civil Action No. 7:15-cv-00635
　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　)
v.　　　　　　　　　　　　)　　　**MEMORANDUM OPINION**
　　　　　　　　　　　　　)
HAROLD CLARKE, et al.,　　)　　　By:　Hon. Jackson L. Kiser
　　　Defendants.　　　　　)　　　　　Senior United States District Judge

Hernan Navarro, an inmate housed in Virginia and proceeding pro se, filed a civil rights

complaint pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants: Harold Clarke, the

Director of the Virginia Department of Corrections ("VDOC"); Leslie J. Fleming, the Warden of

the Wallens Ridge State Prison ("WARSP"); R. Fleenor, a WARSP Counselor; and Jimmy

Collins, a WARSP Unit Manager. This matter is before me for screening, pursuant to 28 U.S.C.

§ 1915A. After reviewing Plaintiff's submissions, I dismiss the complaint without prejudice for

failing to state a claim upon which relief may be granted.[1]

Plaintiff fails to allege the violation of a right secured by the Constitution and laws of the

United States. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff alleges that he was

convicted in the United States Virgin Islands ("USVI") but is incarcerated within the VDOC

pursuant to an agreement between the USVI and the VDOC. Plaintiff believes that his rights to

due process and equal protection guaranteed by the Fourteenth Amendment are violated by being

housed in WARSP, a more VDOC secure facility. Plaintiff argues that defendants violate federal

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

law by housing him in such a secure facility, and he wants Defendants to transfer him to a less secure facility. Notably, however, Plaintiff admits and his attachment to the complaint shows that the contract between the USVI and the VDOC authorizes the VDOC to house Plaintiff in WARSP or any other VDOC facility. (Contract, ECF No. 2 at 24, §§ 5.3, 5.6.)

Plaintiff's transfer to the VDOC does not pose an atypical and significant hardship in relation to the ordinary incidents of prison life, and Plaintiff does not have a federal right to housed in any particular VDOC facility. Meachum v. Fano, 427 U.S. 215, 229 (1976); Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996). The provisions in the contract attached to the complaint do not create any liberty interest in a specific housing assignment, and VDOC officials have broad discretion to determine the facility at which Plaintiff is housed. See, e.g., Sandin v. Conner, 515 U.S. 472, 486-87 (1995). Furthermore, none of the conditions Plaintiff describes constitutes a violation of due process. See, e.g., Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). Moreover, Plaintiff cannot rely on labels and conclusions to state an actionable claim, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and a claim that prison officials have not followed their own independent policies or procedures also does not state a constitutional claim, Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990). Accordingly, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER:** This ⟨⟨⟩⟩ day of January, 2016.

Senior United States District Judge

2